

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXWILLWILSON
ATTORNEY GENERAL

Honorable Henry Sebesta
County Attorney, Bastrop County
Bastrop, Texas

Dear Sir:

Opinion No. O-6229
Re: Cattle brands; would a brand
such as "C on the right hip
and X on the right shoulder"
be construed as two separate
brands, or as one and the
same brand?

Your letter of recent date requesting our opinion on the above question has been considered.

Article 6890, Vernon's Annotated Civil Statutes, reads as follows:

"Every person who has cattle, hogs, sheep or goats shall have an ear mark and brand differing from the ear mark and brand of his neighbors, which ear mark and brand shall be recorded by the county clerk of the county where such animals shall be. No person shall use more than one brand, but may record his brand in as many counties as he deems, necessary."

Article 1484 of the Penal Code of this State is as follows:

"Whoever in originally branding or marking cattle uses more than one mark or brand shall be fined not less than twenty-five nor more than one hundred dollars for each animal so branded or marked."

Article 1486 of the Penal Code provides:

"Any county clerk who shall record any brand when the person having the same recorded fails to designate the part of the animal upon which the same is to be placed shall be fined not less than ten nor more than fifty dollars."

In our Opinion No. O-5678, we said in part:

"The last quoted article (Article 1486, P.C., supra) is an extraction from the Act of March 23, 1874, (Gen. Laws, 14th Leg., p. 45, sec. 42). Sec. 20 of this Act required

the party having a brand recorded to designate the part of the animal upon which the brand would be placed. Although this section was omitted when the statutes were revised, the courts have held that it is plain, from reading Art. 1486, supra, that the record of a brand to be legal, the recorder must designate the part of the animal upon which the brand is to be placed. Harwell vs. State, 2 S.W. 606. The court in the case of Reese vs. State, 43 Tex. Cr. R. 539, 67 S.W. 325, sustained the contention that a recorded brand designated as a figure either on the hip or side of animal violated our penal statutes providing that no person shall have more than one brand and providing an offense for any county clerk to record any brand unless the part of the animal upon which the same is to be placed is designated. Accord: Steed vs. State, 43 Tex. Cr. R. 567, 67 S.W. 330. In the light of these cases, we agree with the court in Preismuth vs. State, 1 Tex. Ct. of Civ. App. R. 580, where it stated that the law seems to make the particular portion of the animal upon which the brand is to be placed equally as improtant as the letters or characters used in the brand itself.

"These authorities in effect hold that a figure located on different parts of an animal's body is not a brand that can be properly recorded in accordance with the provisions of our marks and brands statutes. Further, that such a recordation is in violation of our penal statutes, one of which is that no person shall have in use more than one brand. In other words, the same figure at different locations on the animal's body is not one brand but several brands.  ..."

If the same figure or symbol located on different parts of an animal's body is not a brand that can be properly recorded, it is our opinion that different figures or symbols placed on different parts of the body would likewise, and for a stronger reason, be considered two different brands.

We therefore hold in answer to your specific question that if more than one figure or character is used in a brand, the figures or characters used should be on the same portion of the animal's body. Therefore such a brand as "C on the right hip and X on the right shoulder" would be considered two separate brands.

                                        Yours very truly
BW:db:wc                                ATTORNEY GENERAL OF TEXAS

APPROVED OCT. 4, 1944
 s/Grover Sellers                       By s/Benjamin Woodall
ATTORNEY GENERAL OF TEXAS                  Benjamin Woodall
                                             Assistant
Approved Opinion Committee By s/BWB Chairman